EXHIBIT A



**Pima County Clerk of Superior Court**
*Tucson, Arizona*



|  |  |
|---|---|
| | Receipt Number:  CM3597983 |

| | | | |
|---|---|---|---|
| Received for: | D F | Date: | 3/17/2023 |
| Received from: | D F | Case Number: | C20231208 |
| Amount Received: | $0.00 | Clerk Number: | 102,089 |

Caption:   D F VS. TUCSON UNIFIED  SCHOOL DISTRICT

Cash: $0.00          Check:  $0.00          Charge: $0.00          ACH: $0.00

*Begin Financial Docket*

 Application for Deferral/Waiver          $30.00     WAIVED

 Civil Complaint          $258.00     WAIVED

*End Financial Docke*

Change Returned:  $0.00

Amount Refunded:  $0.00

Person Filing: _Dexter SC Furlough_
Address (if not protected): _2525 N. Las Altas Ave #236_
City, State, Zip Code: _Tucson, AZ 85705-4796_
Telephone: _(909) 567-9317_
Email Address: _dexfurlough@gmail.com_
ATLAS Number: _____
Lawyer's Bar Number: _____
Representing ☑ Self, without a Lawyer or
☐ Attorney for ☑ Petitioner OR ☐ Respondent

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

23 MAR 17 PM 1: 27

BEATRIZ OLIVARES

CASEY F. McGINLEY

## ARIZONA SUPERIOR COURT, PIMA COUNTY

_K.F., a Student on behalf of a Parent D.F.,_
                                    Petitioner

and

_Tucson Unified School District_
                                    Respondent

Case No. C20231208

**APPLICATION FOR DEFERRAL
OR WAIVER OF COURT FEES
OR COSTS AND CONSENT TO
ENTRY OF JUDGMENT** (Appeal)
Civil Case

**Notice.** A Fee Deferral is only temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

I am requesting a deferral or waiver of all fees including: filing a case, issuance of a summons or subpoena, one certified copy of a temporary order in a family law case, one certified copy of the court's final order, preparation of the record on appeal, court reporter's fees of reporters or transcribers, service of process costs, and/or service by publication costs. (I have completed the separate Affidavit in Support of Application for Deferral or Waiver of Service of Process Fees form if I am asking for service of process costs, or service by publication costs), and the costs of attendance at an educational program required by A.R.S. § 25-352. I understand that if I request deferral or waiver because I am a participant in a government assistance program, I am required to provide proof at the time of filing. The document(s) submitted must show my name as the recipient of the benefit and the name of the agency awarding the benefit. **Note. All other applicants must complete the financial questionnaire beginning at section 3. If you are a participant in one of the programs in section 1 or 2 (below), you do not need to complete the financial questionnaire, and can proceed to the signature page.**

1.     ☐ **DEFERRAL:** I receive government assistance from the state or federal program marked below or am represented by a not for profit legal aid program:
           ☐ Temporary Assistance to Needy Families (TANF)
           ☐ Food Stamps
           ☐ Legal Aid Services

2.     ☑ **WAIVER:** I receive government assistance from the federal program marked below or am represented by a not for profit legal aid program.
           ☑ Assistance from the federal Supplemental Security Income (SSI) program
           ☐ Legal Aid Services

© Superior Court of Arizona in Pima County                                    Last updated 5/23/2022

### 3. FINANCIAL QUESTIONNAIRE

**SUPPORT RESPONSIBILITIES.** List all persons you support (including those you pay child support and/or spousal maintenance/support for):

| NAME | RELATIONSHIP |
|------|--------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

### STATEMENT OF INCOME AND EXPENSES

Employer name: _____

Employer phone number: _____

☐ I am unemployed (explain): _____

_____

My prior year's gross income:                    $ _____

### MONTHLY INCOME

My total monthly gross income:                   $ _____

My spouse's monthly gross income (if available to me):   $ _____

Other current monthly income, including spousal maintenance and support, retirement, rental, interest, pensions, and lottery winnings:                                          $ _____

**TOTAL MONTHLY INCOME**                         $ _____

**MONTHLY EXPENSES AND DEBTS:** My monthly expenses and debts are:

| | PAYMENT AMOUNT | LOAN BALANCE |
|---|---|---|
| Rent/Mortgage payment | $ _____ | $ _____ |
| Car payment | $ _____ | $ _____ |
| Credit card payments | $ _____ | $ _____ |
| Other payments & debts (explain) | $ _____ | $ _____ |

| | |
|---|---|
| Household | $ _____ |
| Utilities/Telephone/Cable | $ _____ |
| Medical/Dental/Drugs | $ _____ |
| Health insurance | $ _____ |
| Nursing care | $ _____ |
| Tuition | $ _____ |
| Child support | $ _____ |
| Child care | $ _____ |

| | |
|---|---|
| Spousal maintenance | $ _____ |
| Car insurance | $ _____ |
| Transportation | $ _____ |
| Other expenses (explain) | $ _____ |

**TOTAL MONTHLY EXPENSES**              $ _____

**STATEMENT OF ASSETS:** List only those assets available to you and accessible without financial penalty.

                                          **ESTIMATED VALUE**

| | |
|---|---|
| Cash and bank accounts | $ _____ |
| Credit union accounts | $ _____ |
| Other liquid assets | $ _____ |

**TOTAL ASSETS**              $ _____

**The basis for the request is:**

4.    ☐ **DEFERRAL:**

A.    ☐ My income is insufficient or is barely sufficient to meet the daily essentials of life, and includes no allotment that could be budgeted for the fees and costs that are required to gain access to the court. My gross income as computed on a monthly basis is 150% or less of the current federal poverty level. (Note: Gross monthly income includes your share of community property income if available to you.)

**OR**

B.    ☐ I do not have the money to pay court filing fees and/or costs now. I can pay the filing fees and/or costs at a later date. **Explain.**

_____

_____

**OR**

C.    ☐ My income is greater than 150% of the poverty level, but I have proof of extraordinary expenses (including medical expenses and costs of care for elderly or disabled family members) or other expenses that reduce my gross monthly income to 150% or below the poverty level.

**DESCRIPTION OF EXPENSES**                    **AMOUNT**

_____    $ _____

_____    $ _____

_____    $ _____

**TOTAL EXTRAORDINARY EXPENSES**          $ _____

5.  ☑ **WAIVER:**
    I am permanently unable to pay. my income and liquid assets are insufficient or barely sufficient to meet the daily essentials of life and are unlikely to change in the foreseeable future.

---

**IMPORTANT**

This *"Application for Deferral or Waiver of Court Fees or Costs"* includes a *"Consent to Entry of Judgment."* By signing this Consent, you agree a judgment may be entered against you for all fees and costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment. At the conclusion of the case, you will receive a *Notice of Court Fees and Costs Due* indicating how much is owed and what steps you must take to avoid a judgment against you if you are still participating in a qualifying program. You may be ordered to repay any amounts that were waived if the Court finds you were not eligible for the fee deferral or waiver. If your case is dismissed for any reason, the fees and costs are still due.

---

**CONSENT TO ENTRY OF JUDGMENT.** By signing this Application, I agree that a judgment may be entered against me for all fees or costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment.

**OATH OR AFFIRMATION**

I declare under penalty of perjury that the foregoing is true and correct.

Date ____ MAR - 9 2023 ____      Signature _____

_____      _____
                                    Applicant's Printed Name
Date ____ MAR - 9 2023 ____

_____      Judicial Officer, Deputy Clerk, or Notary Public

My Commission Expires/Seal:

---

In the Superior Court of the State of Arizona
In and For the County of _Pima_

Case Number C 2 0 2 3 1 2 0 8 *

MAR 1 7 2023

C 0 2 0 2 3 1 2 0 8

CASEY F. McGINLEY

CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney _____

Attorney Bar Number _____

Plaintiff's Name(s): (List all)
Dexter SC Furlough
2525 N. Los Altos Ave, #236
Tucson, AZ 85705-4796
K.F., a Student on behalf of Parent D.F.
(List additional plaintiffs on page two and/or attach a separate sheet).

Plaintiff's Address:
2525 N. Los Altos Ave, Apt. 236
Tucson, AZ 85705-4796

Defendant's Name(s): (List All) _Tucson Unified School District_

(List additional defendants on page two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:
IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected. State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐Amount Claimed $ 625,000.00      ☐ Tier 1   ☑ Tier 2   ☐ Tier 3

### NATURE OF ACTION
Place an "X" next to the **one** case category that most accurately describes your primary case. Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.

**TORT MOTOR VEHICLE:**
☐Non-Death/Personal Injury*
☐Property Damage*
☐Wrongful Death*

**TORT NON-MOTOR VEHICLE:**
☐Negligence*.
☐Product Liability – Asbestos*
☐Product Liability – Tobacco*
☐Product Liability – Toxic/Other*
☐Intentional Tort*
☐Property Damage*
☐Legal Malpractice*

☐Malpractice – Other professional*
☐Premises Liability*
☐Slander/Libel/Defamation*
☐Recovery of Damages under A.R.S. §12-514
(Please provide Plaintiff DOB: __/__/__ )
☐Other (Specify) _____

**MEDICAL MALPRACTICE:**
☐Physician M.D.*      ☐Hospital*
☐Physician D.O.*      ☐Other*

September 2, 2021                    Page 1                    AOCCV10F-092921

**CONTRACTS:**
- ☐ Account (Open or Stated)*
- ☐ Promissory Note*
- ☐ Foreclosure*
- ☐ Buyer-Plaintiff*
- ☐ Fraud*
- ☐ Other Contract (e.g., Breach of Contract)*
- ☐ Excess Proceeds -- Sale*
- ☐ Construction Defects (Residential/Commercial)*
  - ☐ Six to Nineteen Structures*
  - ☐ Twenty or More Structures*
- ☐ Credit Card Debt (Maricopa County Filings Only)*

**OTHER CIVIL CASE TYPES:**
- ☐ Eminent Domain/Condemnation*
- ☐ Eviction Actions (Forcible and Special Detainers)*
- ☐ Change of Name
- ☐ Transcript of Judgment
- ☐ Foreign Judgment
- ☐ Quiet Title*
- ☐ Forfeiture*
- ☐ Election Challenge
- ☐ NCC -- Employer Sanction Action (A.R.S. §23-212)*
- ☐ Injunction against Workplace Harassment
- ☐ Injunction against Harassment
- ☐ Civil Penalty
- ☐ Water Rights (Not General Stream Adjudication)*
- ☐ Real Property*
- ☐ Special Action
  (See lower court appeal cover sheet in Maricopa)
- ☐ Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)
- ☐ Expungement

**UNCLASSIFIED CIVIL:**
- ☒ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ Declaratory Judgment
- ☐ Habeas Corpus
- ☐ Landlord Tenant Dispute -- Other*
- ☐ Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ Declaration of Factual Improper Party Status
- ☐ Vulnerable Adult (A.R.S. §46-451)*
- ☐ Tribal Judgment
- ☐ Structured Settlement (A.R.S. §12-2901)
- ☐ Attorney Conservatorships (State Bar)
- ☐ Unauthorized Practice of Law (State Bar)
- ☐ Out-of-State Deposition for Foreign Jurisdiction
- ☐ Secure Attendance of Prisoner
- ☐ Assurance of Discontinuance
- ☐ In-State Deposition for Foreign Jurisdiction
- ☐ Eminent Domain -- Light Rail Only*
- ☐ Interpleader -- Automobile Only*
- ☐ Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ Employment Dispute -- Discrimination*
- ☐ Employment Dispute -- Other*
- ☐ Verified Rule 27(a) Petition*
- ☐ Verified Rule 45.2 Petition
- ☐ Amendment of Birth Certificate
- ☐ Amendment of Marriage License (Maricopa County Filings Only)
- ☐ Application/Motion Objecting to Foreign Subpoena
- ☐ Other (Specify)* _____

**EMERGENCY ORDER SOUGHT:**

- ☐ Temporary Restraining Order
- ☐ Employer Sanction
- ☐ Provisional Remedy
- ☐ Other (Specify) _____
- ☐ OSC
- ☐ Election Challenge

**COMMERCIAL COURT (Maricopa County Only)**

☐ This case is eligible for the commercial court under Rule 8.1, and plaintiff requests assignment of this case to the commercial court. More information on the commercial court, including the most recent forms, are available on the court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

Person Filing: Dexter SC Fairlough
Address (if not protected): 2525 N. Los Altos Ave., #236
City, State, Zip Code: Tucson, AZ 85705-4796
Telephone: (909) 562-9317
Email Address: dexterlough@gmail.com
ATLAS Number: _____
Lawyer's Bar Number: _____
Representing ☑ Self, without a Lawyer or
☐ Attorney for ☑ Petitioner OR ☐ Respondent

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

23 MAR 17 PM 1: 26

BEATRIZ OLIVARES

CASEY F. McGINLEY

## ARIZONA SUPERIOR COURT, PIMA COUNTY

K.F., a Student on behalf of a Parent D.F.,
                                    Petitioner

and
Tucson Unified School District
                                    Respondent

Case No. C20231208

**ORDER REGARDING DEFERRAL OR WAIVER OF COURT FEES AND COSTS AND NOTICE REGARDING CONSENT JUDGMENT**

**THE COURT FINDS** that the applicant  K.F., a Student on behalf of a Parent D.F.,

1. ☐ IS NOT ELIGIBLE FOR A DEFERRAL of fees and costs.
**OR**
2. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on financial eligibility. As required by state law, the applicant has signed a consent to entry of judgment.
**OR**
3. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs at the court's discretion (A.R.S. § 12-302(L)).
**OR**
4. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on good cause shown. As required by state law, the applicant has signed a consent to entry of judgment.
**OR**
5. ☑ IS ELIGIBLE FOR A WAIVER of fees and costs because the applicant is permanently unable to pay.
**OR**
6. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs at the court's discretion (A.R.S. § 12-302(L)).
**OR**
7. ☐ IS NOT ELIGIBLE FOR A WAIVER of fees and costs.

**IT IS ORDERED:**

☐ **DEFERRAL IS DENIED** for the following reason(s):
   ☐ The application is incomplete because _____
   **You are encouraged to submit a complete application.**
   ☐ The applicant does not meet the financial criteria for deferral because _____
   _____

© Superior Court of Arizona in Pima County     MAR 17 2023     Last updated 5/23/2022

A deferral **MUST BE** granted if the applicant is receiving public assistance benefits from the Temporary Assistance to Needy Families (TANF) program or Food Stamps; has an income that is insufficient or barely sufficient to meet the daily essentials of life and that includes no allotment that could be budgeted to pay the fees and costs necessary to gain access to the court; or, if the applicant demonstrates other good cause.

☐ **DEFERRAL IS GRANTED** for the following fees and costs in this court:

    ☐ Any or all filing fees; fees for the issuance of either a summons and subpoena; or fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment, or decree in all civil proceedings and the cost of attendance at an education program required by A.R.S. § 25-352.

    ☐ Fees for service of process by a sheriff, marshal, constable, or law enforcement agency.

    ☐ Fees for service by publication.

    ☐ Filing fees and photocopy fees for the preparation of the record on appeal.

    ☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

**IF A DEFERRAL IS GRANTED, PLEASE CHECK ONE OF THE FOLLOWING BOXES:**

    ☐ **NO PAYMENTS WILL BE DUE UNTIL FURTHER NOTICE.**

    ☐ **SCHEDULE OF PAYMENTS.**

    The applicant shall pay $ _____ each _____ (week, month, etc.), one half to the clerk's office and one half to the Sheriff's Department until paid in full, beginning _____

☐ **WAIVER IS DENIED** for all fees and costs in this case.

☑ **WAIVER IS GRANTED** for all fees and costs in this case that may be waived under A.R.S. § 12-302(H).

    ☑ Any or all filing fees; fees for the issuance of either a summons or subpoena; or fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment, or decree in all civil proceedings and the cost of attendance at an education program required by A.R.S. § 25-352.

    ☑ Fees for service of process by a sheriff, marshal, constable, or law enforcement agency.

    ☐ Fees for service by publication.

    ☐ Filing fees and photocopy fees for the preparation of the record on appeal.

    ☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

**RIGHT TO JUDICIAL REVIEW.** If the application is denied or a payment schedule is set by a special commissioner, you may request the decision be reviewed by a judicial officer. The request must be made within twenty (20) days of the day the order was mailed or delivered to you. If a schedule of payments has been established, payments shall be suspended until a decision is made after judicial review. Judicial review shall be held as soon as reasonably possible.

**NOTICE REGARDING CONSENT JUDGMENT.** Unless any of the following applies, a consent judgment may be entered against the applicant for all fees and costs that are deferred and remain unpaid thirty (30) days after entry of final judgment:

    A.  Fees and costs are taxed to another party;

    B.  The applicant has an established schedule of payments in effect and is current with those payments;

    C.  The applicant filed a supplemental application for waiver or further deferral of fees and costs and a decision by the court is pending;

    D.  In response to a supplemental application, the court orders that the fees and costs be waived or further deferred; or

    E.  Within twenty (20) days of the date the court denies the supplemental application, the applicant either:

        1.  Pays the fees and costs; or

        2.  Requests a hearing on the court's order denying further deferral or waiver. If the applicant requests a hearing, the court cannot enter the consent judgment unless a hearing is held, further deferral or waiver is denied, and payment has not been made within the time prescribed by the court.

If an appeal is taken, a consent judgment for deferred fees and costs that remain unpaid in the lower court shall not be entered until thirty (30) days after the appeals process is concluded. The procedures for notice of court fees and costs and for entry of a consent judgment continue to apply.

If a consent judgment is signed and the applicant pays the fees and costs in full, the court is required to comply with the provisions of A.R.S. § 33-964(C).

**DUTY TO REPORT CHANGE IN FINANCIAL CIRCUMSTANCES.** An applicant who is granted a deferral or waiver shall promptly notify the court of any change in financial circumstances during the pendency of the case that would affect the applicant's ability to pay court fees and costs. Any time the applicant appears before the court on this case, the court may inquire as to the applicant's financial circumstances.

DATED: ___3/13/2023___          _____

                                        ☑ **Judicial Officer** ☐ **Special Commissioner**

Dexter SC Farough
2525 N. Los Altos Ave.,
Apt. 236
Tucson, Arizona 85705-4796

Office of Administrative Hearings
Tammy L. Eigenheer
1740 West Washington Street
Phoenix, Arizona 85007
oah@azoah.com

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

23 MAR 17 PM 1: 28

BEATRIZ OLIVARES

Denise Lowell-Britt
1138 North Alma School Road
Suite. 101
Mesa, Arizona 85201
dlb@udallshumway.com
Attorney for Respondent(s)

## SUPERIOR COURT OF ARIZONA
## PIMA COUNTY

K.F., a Student on behalf of a Parent D.F.,
    Appellant,

v.

Tucson Unified School District.
    Respondent(s).

Case No.: C20231208

CASEY F. McGINLEY
NOTICE OF APPEAL FOR
JUDICIAL REVIEW OF
ADMINISTRATIVE DECISION
(Administrative Review)

Pursuant to A.R.S. §12-901(2); § 12-904, Kaeden Farlough a Student on behalf of a Parent Dexter SC Farlough, appeals from the final (" Order ") administrative decision Office of Administrative Hearings issued by Administrative Law Judge on 03/03/2023 in cause no. 23C-DP-004-ADE. Due Process Complaint.

Pursuant to Judicial Review Administrative Decision (JRAD) Rule 4, the following items are included in this Notice of Appeal:

1. The caption of the case and the administrative agency case number are 23C-DP-004-ADE; 22C-DP-030-ADE and State Bd Complaint 3235.
2. The party or parties filing the appeal are as follows: Student with a disability and Father parent to the child.
3. The final (" Order ") administrative decision from which the party is appealing Denied Due Process Hearing by ALJ switching the hearing date

NOTICE OF APPEAL OF ADMINISTRATIVE DECISION    1

from 02/28/2023 and 03/02/2023 to 02/27/2023 while the parties waited to be virtually connected on Google-Meet link on 02/28/2023 at 8:50 am to 9:00 am, which was issued on 02/14/2023 (10335517 (1). PDF)).

4. The findings and decisions or part of the findings and decisions sought to be reviewed is as follows A-(999353.PDF, 09/14/2022) " In November 2020, Respondent School District improperly exited Student from special education services." and B-Respondent School District failed to provide Father notice of meetings and decisions made relative to Student that significantly impeded Father's opportunity to participate in the decision-making process regarding the provision of a FAPE to Student.

5. The issues presented for review are as follows: denied due process hearing, 2-failing to comply with time limits, 3-failing to provide parents with notice of changes to an IEP, 4-failing to comply with composition requirements for the IEP team, 5- failing to include the child's parents in the IEP development process. And the two complaints listed above that were Amended on 08/24/2023 and Minute Order received on 09/14/2022.

6. Additional issues were brought forward on 01/30/2023 during the Pre-Conference hearing that included a " Entry of Default Motion " as the respondents make mention of never answering the Due Process Complaint.

7. Interfering with attempts to obtain evidence and witnesses since 12/09/22 and 02/17/2023 interrogatories submitted that were not answered in twenty (20) days long before the hearing. Email (interrogatories) presents comments by respondents' attorney " The District has no legal obligation to respond to your questions and will not do so." dated, 02/07/2023.

8. New evidence was presented on 02/17/2023 as Appeal is filed and later discovered it might not be as 03/03/2023 came of a determination of the OAH while Arizona Board of Psychologist Examiners stated TUSD psychologist Kelsey Whiteside was not licensed with them and the court was informed the previous MET teams performed screenings and eligibilities together without the consent of parents permission to hold those together without an evaluation. But did not file a due process complaint for an Order from a hearing judge to do so and now places the burden on the parent to answer information that's been withheld for over 5 years. And appears to be the reason for why staff removed the

child from special education and took his disabilities away through those years. Procedural safeguards at issue without correcting the record.

9. A request for trial de novo is requested.

Dated this day of March 17, 2023

Signature of Self-represented party

The Appellant included various rules of court to show what was not being followed in the due process proceedings–additional notes and facts.

**ATTACHMENT:**

Absent the test, because the child was based under " One Test as Sole Determinant " in which eligibility cannot be determined based on the results of one test. The IDEA specifically requires that any evaluation to determine eligibility include information provided by the parents of the child. The IDEA specifically states that a child cannot be eligible for special education solely because of limited English proficiency or lack of appropriate instruction in reading or math. 34 C.F.R. §300.306(b).

And if so, the child may be entitled to assistance under Section 504 even if he or she is not eligible under IDEA. The first step in the process is to refer the child for Section 504 services–this means asking the school to consider the child's eligibility under Section 504.

That did not happen, and on 03/03/2023 The Arizona  Board of Psychologist Examiners it shows that Kelsey Whiteside is not licensed by the board nor has a pending application for licensure.

" Psychologist " means a person who is licensed pursuant to title 32, chapter 19.1.

**CONCLUSION**

Therefore this is a slight possibility that none of these tests could not be measured without a licensed staff or person with those credentials

1–Subaverage general intellectual functioning
2–Substantial functional limitation

# Office of Administrative Hearings

## Electronic submission for docket 23C-DP-004-ADE
## Notice of action (appeal)
## To Administrative Law Judge

Filing date: 2/17/2023

Filed by: Dexter SC Farlough

Email address: dexfarlough@gmail.com

Telephone number: 9095679317

Mailing address
2525 N. Los Altos Ave., Apt. 236
Tucson, Arizona 85705-4796

Pending hearing date: 03/02/2023

Email notifications
dib@udallsway.com
Jeffrey.Studer@azed.gov
oah@azoah.com

Other notifications
Sabrina.Salmon@d1.org
Robert.Ross@tusd1.org
Monica.Ayon@tusd1.org
Laura.Boever@azed.gov

Submission and grounds
The Petitioners' substantive rights are general rights that individuals possess and upon which the government may not infringe.

On review of legal IEP documents, it notes Limited proficiency in the English language... And Petitioners' have discovered Parents' limited proficiency in the English language and their unfamiliarity with the terminology used in special education can inhibit full understanding and participation in IEP meetings. As the mother was presented as such and caused the sole-decision making parent to not be entitled to prior written notices or participation at all with the student with the disability during all five-years that the parents' were under the impression that the student/child was still receiving until it was discovered the student was not.
PROCEDURAL VIOLATIONS AS FOLLOWS;

1-Failing to comply with time limits;
2-Failing to provide parents with notice of changes to an IEP;
3-Failing to comply with composition requirements for the IEP teams (See, Interrogatories dated 02/06/2023)
4-Failing include the child's parents in the IEP development process. (See, Hybrid meeting, Communication, and ParentVue emails for the hybrid learning or homeschooling ever rendered 10/28; 10/23; 10/20/2020 some two-years after disabilities started to be and 2019 and 08/03/2022 ParentVue).

SID 049874

The Petitioners were entitled to a fair and equitable hearing without the barriers that has come with the filing of his due process complaint and the denial of witnesses they so choose to call at the hearing without interruption or interferences by counsel to obtain the petitioners' defense in said hearings in order to block the witnesses selected to coming to answer and provide evidence the petitioners' are seeking as of 05/16; 05/27/22 entirely. Without any further hold-ups.

The Petitioners discovered transition plans or services wasn't done in earlier years to determine the child states of being on until he turns 16 years old or earlier (Jacquleine Ortega) 34 C.F.R. 300.230(b), and discovered no psychoeducational assessment was done accordingly to DDD report registered/certified mail 02/03/2023 the student with the disability did not have any certification or was his disability certified to be entitled to DDD services based on the parents' did not know their child had ADHD, many hearings did not render the information due to incomplete hearings, information IQ tests and being removed from the disabilities he was once eligible for and then services removed and not replaced until the email of the mother submitted in October 2020 that shows it was two-year behind and two-year later that those implementation's had yet to still be given of the hybrid learning, homeschooling, or PWNs of the changes and changes submitted to the parents' as the manufacturing of legal documents has been established and now holding up the hearing and being denied the very rights we are all entitled to governing a hearing, a appeal, relief or notice in a timely manner in order to respond to appropriately without any surprises, adverse actions or course of action of others.

SID 049874



## Submission received for docket number 23C-DP-004-ADE

1 message

**OAH Electronic Submission System** <oah@azoah.com>                    Thu, Mar 9, 2023 at 8:27 AM
To: dexfarlough@gmail.com

This is a message from the Arizona Office of Administrative Hearings to inform you that a submission has been received for 23C-DP-004-ADE.

The details are as follows:

Submission ID: 050877
Submission type: Notice of action (appeal)
Docket number: 23C-DP-004-ADE
Hearing date: 02/28/2023
Filed by: Dexter SC Farlough (dexfarlough@gmail.com) (9095679317)
Mailing address:
2525 N. Los Altos Ave., Apt. 236
Tucson, Arizona 85705-4796
Filed on: 3/9/2023
Sent to: Administrative Law Judge
Copies e-mailed to:
• dlb@udallshumway.com
• Jeffrey.Studer@azed.gov
• oah@azoah.com

Filing party will also notify:
Monica.Ayon@tusd1.org
Robert.Ross@tusd1.org
Sabrina.Salmon@tusd1.org
laura.boever@azed.gov

—————————
NOTICE OF APPEAL OF ADMINISTRATIVE DECISION

A.R.S. Section 12-901(2), 12-904, 12-906, 12-909(A)
Clerk of Superior Court
Each Appellee served as provided in Rule 4, Ariz. R. Civ. P.)
Time to File: Within 35 days from the date when a copy of the final determination or administrative decision, as defined in A.R.S. Section 12-901(2), sought to be reviewed is served upon the party affected.

Appellants do not believe his previous Appeal filed on 02/17/2023 would be submitted as discovered since denied their due process hearing on 02/28/2023 when this court could have called the affected party in an instant without further ado. But hadn't or cured the problem sooner than none instead of offering a determination and forfeiting a grieving party petition, due process complaint or hearing according to right and rights that should not be affected by any government or official. I simply do not believe this was a technical error that should have been cured on impact or discovery on the date of the party's hearing. Because the party did not receive notice of this hearing date change on or about 02/27; or 02/28/2023 before hearing start date at 9:00 am as he waited on the call on 02/28/2023.

—————————

The following files were included with the submission:
• **Notice-of-Appeal-For-Judicial-Review-of-Administrative-Decision_Document_2023-03-08_220436.pdf**

MAR 1 7 2023

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
2023 MAR 17 PM 1: 27

BEATRIZ OLIVARES

# ARIZONA SUPERIOR COURT, PIMA COUNTY

*K.F., a Student on behalf of a Parent D.F.,*
_____
Petitioner

and

*Tucson Unified School District*
_____
Respondent

Case No. **C20231208**

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR DEFERRAL OR WAIVER OF SERVICE OF PROCESS FEES**

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

I have requested a deferral or waiver of the following fees in my case:

☑ **Fees for service of process by a sheriff, marshal, constable, or law enforcement agency:** In support of my request, I state that (check and complete any that apply):

  ☐ I have attempted to obtain voluntary acceptance of service of process without success on the person to be served.

  ☐ It would be useless or dangerous for me to try to obtain voluntary acceptance of service by the person to be served because (explain):

  _____
  _____

  ☐ An enforceable injunction against harassment has been granted to me against the person to be served.

☐ **Fees for publication:** In support of my request, I state that I have attempted to locate the person to be served, but I have been unable to locate that person (check and complete any that apply):

  ☐ This is what I did to try to find the other party (explain):

  _____
  _____

☑ I have contacted the person(s) listed below to try to find the location of the other party.

  **NAME**                    **ADDRESS**
  *Denise Lowell-Britt   "attorney for Respondent(s)"*
  *1138 North Alma School Road, Suite 101 Mesa, AZ 85201*

## OATH OR AFFIRMATION

I declare penalty of perjury that the foregoing is true and correct.

Date *MAR 17 2023*                    Signature *Dexter SC Furlough*

                    Applicant's Printed Name *Dexter SC Furlough*

## INFORMATION FOR SERVICE

You must provide the following information: To the best of my knowledge, as of (date) *03/09/2023* the last known address of the person to be served is: *Shown above*

© Superior Court of Arizona in Pima County          Last updated 5/23/2022

| | |
|---|---|
| 1 | **UDALL\|SHUMWAY** |
| | COUNSELORS AT LAW SINCE 1965 |
| 2 | 1138 NORTH ALMA SCHOOL ROAD, SUITE 101 |
| | MESA, ARIZONA 85201 |
| 3 | Telephone: 480.461.5300 \| Fax: 480.833.9392 |

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/4/2023 12:58:04 PM
BY: ALAN WALKER /s/
DEPUTY
C20231208
HON. CASEY F MCGINLEY

4 David R. Schwartz - #009264
das@udallshumway.com
5 Denise Lowell-Britt – #011260
dlb@udallshumway.com
6 Attorneys for Tucson Unified School District

7

8 **ARIZONA SUPERIOR COURT**

9 **PIMA COUNTY**

10 K.F., a Student on behalf of a Parent      NO. C20231208
   D.F.,                                       HON. CASEY F MCGINLEY

11                                            **NOTICE OF APPEARANCE ON**
                    Appellant,                **BEHALF OF RESPONDENT TUCSON**
12                                            **UNIFIED SCHOOL DISTRICT**
   v.
13
   Tucson Unified School District,           (Assigned to the Honorable Casey F.
14                                            McGinley)
                    Respondent.
15

16      Notice is hereby given of the appearances of attorneys David R. Schwartz and

17 Denise Lowell-Britt of the law firm of Udall Shumway, PLC on behalf of Respondent

18 Tucson Unified School District.  All further pleadings, discovery, minute entries, and

19 orders related to this action should be served upon counsel at the address listed herein.

20      DATED: April 4, 2023.

21

22                          UDALL SHUMWAY PLC

23                              /s/ David R. Schwartz
                            David R. Schwartz
24                          Denise Lowell-Britt
                            1138 North Alma School Road
25                          Suite 101
                            Mesa, AZ 85201
26                          Attorneys for Tucson Unified School District

27

28

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on April 4, 2023, I electronically lodged the attached
document using TurboCourt for filing and transmitted the document as stated below:

4      Via regular mail and e-mail to:

5      Dexter SC Farough
2525 N. Los Altos Ave., Apt 236
6      Tucson AZ  85705-4796

7

          /s/ Kimberly Kershner
8
6526615.1
9      13402.1934

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2