**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.F., | No. CV-23-00168-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Unified School District, | |
| Defendant. | |

    Pending before the Court is Defendant Tucson Unified School District's Motion to Dismiss Notice of Appeal and this Action. (Doc. 6.) Plaintiff brought this appeal on behalf of his minor son after Defendant allegedly removed student from special education in violation of the Individuals with Disabilities in Education Act ("IDEA"). Defendant removed this matter to federal court because, although Plaintiff filed it under the Arizona Administrative Procedures Act, it is properly a case arising under federal law. In its Motion to Dismiss, Defendant argues that Plaintiff incorrectly appealed the decision of the Arizona Office of Administrative Hearings rather than bring a civil suit under the IDEA.

    Prior to filing his response, Plaintiff filed another Complaint in this Court based on the same set of facts. Accordingly, the Court issued an Order to Show Cause asking Plaintiff to clarify whether he intended that pleading to serve as an amended complaint in this matter or as a separate case. (Doc. 13.) Plaintiff filed his Response to the Order to Show Cause but did not answer the question. (Doc. 15.) The Clerk of Court therefore

opened a separate case in 4:23-cv-00212-JCH-MAA. Defendant in this matter then filed an Objection to Response to Order to Show Cause. (Doc. 16.) Defendant brought to the Court's attention that a non-attorney parent may not represent their child or their child's interests under the IDEA without an attorney. *Pedraza v. Alameda Unified Sch. Dist.*, 676 F. App'x 704, 706 (9th Cir. 2017) (affirming district court's denial of pro se parents' claims brought on behalf of minor child arising from alleged IDEA violations saying, "A non-attorney parent cannot act as legal counsel for her minor child."); *see also Johns v. Cty. of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997).

Accordingly,

**IT IS ORDERED** that, should Plaintiff wish to proceed with this matter, he must obtain an attorney. **The Court will give Plaintiff 30 days from the date of this Order to do so.** The Court will require counsel to directly address whether Plaintiff seeks to amend his Complaint to clearly bring suit under the IDEA, and the Court will address the remaining arguments for dismissal at that time.

However, if an attorney does not make an appearance in this matter within the 30 days, the Court will dismiss the action for failure to have counsel. *See Pedraza*, 676 F. App'x at 706 ("The district court did not err in dismissing M.P.'s individual claims for failure to have counsel.").

Dated this 25th day of July, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge